UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>JUDGE PETTY, et al.,<br><br>　　　　　　　Respondents. | Case No. 1:24-cv-00620-DCN<br><br>**INITIAL REVIEW ORDER** |

　　　　Pending before the Court is Petitioner Bradley Wheeler's Petition for Writ of Habeas Corpus. This is only one of Petitioner's many cases challenging the same state court conviction. *See Wheeler v. Ross*, No. 1:24-cv-00586-BLW (D. Idaho, filed Dec. 5, 2024); *Wheeler v. Petty*, No. 1:24-cv-00593-DCN (D. Idaho, filed Dec. 9, 2024); *Wheeler v. Petty*, No. 1:25-cv-00028-REP (D. Idaho, filed Jan. 16, 2025); *Wheeler v. Petty*, No. 1:25-cv-00135-REP (D. Idaho, filed March 10, 2025).

　　　　The Court is required to review a habeas petition upon receipt to determine whether a petitioner may proceed. Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). A petition must be dismissed if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

1.    **Habeas Claim**

Petitioner claims that he has been incarcerated past his full-term release date. Dkt. 1 at 6. This is the same claim asserted by Petitioner in *Wheeler v. Ross*, No. 1:24-cv-00586-BLW, which remains pending.

As the Court noted in that case, Petitioner's stated intention to file a habeas corpus case every week until he is released—notwithstanding that he already has a habeas petition pending in this Court challenging the same conviction—constitutes an abuse of process. *Wheeler v. Ross*, No. 1:24-cv-00586-BLW (Dkt. 5 at 3). Petitioner may not file serial habeas petitions challenging the same conviction when he already has such a petition pending. Accordingly, Petitioner's habeas claims are subject to dismissal.

2.    **Conditions-of-Confinement Claims**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Id*. Therefore, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," under 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

In addition to claiming that he has been incarcerated past his full-term release date, Petitioner also asserts that prison guards are stealing his personal property, that his cell is so freezing that it constitutes torture, and that the prison does not have hot water. The remedy for such alleged violations would not be an immediate or speedier release from confinement, *see Preiser*, 411 U.S. at 500, but instead an award of monetary damages and/or an order requiring the cessation of unconstitutional activities. Because these claims "do[] not lie at the core of habeas corpus," they are not cognizable—meaning they cannot be heard—in this habeas case. *Nettles*, 830 F.3d at 931. Thus, Petitioner's conditions-of-confinement claims are subject to dismissal.

## ORDER

**IT IS ORDERED:**

1. This case is DISMISSED without prejudice under Habeas Rule 4 because (1) the habeas claims in the Petition are duplicative of those asserted in *Wheeler v. Ross*, No. 1:24-cv-00586-BLW, and (2) the only claims that are not duplicative are civil rights claims and, as such, are not cognizable in this habeas case.

2. If Petitioner intends to assert claims in addition to those currently set forth in the operative petition in *Wheeler v. Ross*, No. 1:24-cv-00586-BLW, he should file a motion to amend (and a proposed amended petition) in *that* case to include such claims.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Habeas Rule 11.

DATED: August 20, 2025

_____
David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER - 4